# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ATLAS DATA PRIVACY CORPORATION, et al.

Plaintiff(s),

v.

WHITEPAGES, INC., et al.

Defendant(s).

Civil No. No. 3:24-cv-03998

District Court Judge Michael A. Shipp

Magistrate Judge Tonianne J. Bongiovanni

## DISCLOSURE STATEMENT[1] PURSUANT TO FED. R. CIV. P. 7.1(a)(2)

WHITEPAGES, INC.

- [ ] Individual[2]
- [x] Corporation[3]
- [ ] Partnership[4]
- [ ] Limited Liability Company[5]
- [ ] Other

State(s) of Citizenship: Delaware; Washington

- [ ] Individual
- [ ] Corporation
- [ ] Partnership
- [ ] Limited Liability Company
- [ ] Other

State(s) of Citizenship:

- [ ] Individual
- [ ] Corporation
- [ ] Partnership
- [ ] Limited Liability Company
- [ ] Other

State(s) of Citizenship:

In cases where one or more parties are partnerships or LLCs, list all partners or members and their citizenship. This space should also be used where there are more than three parties. Additional sheets may be added as needed.

Pursuant to 28 U.S.C. § 1746 and Fed. R. Civ. P. 11, I certify that the foregoing is true and correct.

/s/ Jean A. Occhiogrosso                                              Date:

3/22/2024

---

[1] This statement shall be filed by each party.

[2] 28 U.S.C. § 1332(a)(1); *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("[M]ere residency in a state is insufficient for purposes of diversity [of citizenship].")). The natural person must be domiciled in the state and a citizen of that state. *See Gilbert v. David*, 235 U.S. 561 (1915); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015).

[3] 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."); *Hertz Corp. v. Friend,* 559 U.S. 77 (2010); *S. Freedman & Co., v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (explaining that "'[i]n order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business,'" and affirming dismissal of complaint alleging that corporation maintained "a principal place of business," rather than "its principal place of business" (quoting *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982))). The parties are directed to list the state of incorporation and principal place of business of the corporation.

[4] A partnership, as an unincorporated entity, takes on the citizenship of each of its partners. *Zambelli Fireworks MFG. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citation omitted). The parties are directed to list each partner and its citizenship.

[5] The citizenship of an LLC is determined by the citizenship of each of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). The parties are directed to list each member and its citizenship. If any member is itself a partnership, limited liability company, or other unincorporated association, its partners or members and their citizenship must be set forth separately. *See Zambelli Fireworks MFG. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("And as with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC.")