IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | NO. 24-3998 |
| WHITEPAGES, INC., *et al.* | : | |
| | | |
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4000 |
| HIYA, INC., *et al.* | : | |
| | | |
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4175 |
| CLARITAS, LLC., *et al.* | : | |
| | | |
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4184 |
| LUSHA SYSTEMS, INC., *et al.* | : | |
| | | |
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4292 |
| MELISSA DATA CORP., *et al.* | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4324 |
| RESTORATION OF AMERICA, *et al.* | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4390 |
| FORTNOFF FINANCIAL, LLC, *et al.* | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4434 |
| E-MERGES.COM, INC., *et al.* | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.* | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4609 |
| NUWBER, INC., *et al.* | : | |

## **<u>SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DISMISSAL</u>**

# <u>TABLE OF CONTENTS</u>

**Page**

I.    Introduction ................................................................................1

II.   Plaintiffs and the NJ AG have failed to address the argument that
      Daniel's Law is an unconstitutional limitation on truthful speech .................1

III.  Plaintiffs and the NJ AG have failed to show either a state interest of
      the highest order or a compelling interest as manifested in Daniel's
      Law ........................................................................................3

IV.   Plaintiffs apply an improper standard for evaluating overbreadth ................5

V.    The statutes that Plaintiffs and the NJ AG claim are analogous to
      Daniel's Law actually demonstrate the steps the New Jersey
      Legislature could have taken to narrow the scope of the law .......................9

VI.   The associational *amicus* brief filed in support of Daniel's Law offers
      no compelling arguments ...........................................................11

VII.  Conclusion ............................................................................13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Ashcroft v. Free Speech Coalition*,
  535 U.S. 234 (2002)................................................................5

*Atlas Data Privacy Corporation, et al. v. Lightbox Parent, L.P., et al.*,
  No. 1:24-cv-4105 (D.N.J.) .......................................................1

*Bartnicki v. Vopper*,
  532 U.S. 514 (2001)..............................................................3, 4

*Bowley v. City of Uniontown Police Dept.*,
  404 F. 3d 783 (3d Cir. 2005) ................................................1, 3

*Brayshaw v. City of Tallahassee*,
  709 F. Supp. 2d 1244 (N.D. Fla. 2010) ...................................11

*Brown v. Ent. Merchants Ass'n*,
  564 U.S. 786 (2011)..............................................................4, 5

*Bruni v. City of Pittsburgh*,
  824 F.3d 353 (3d Cir. 2016) ...............................................3, 6, 7

*Culley v. Cumberland Valley Sch. Dist.*,
  2016 WL 775091 (M.D. Pa. Feb. 29, 2016)..............................2

*Dreibelbis v. Scholton*,
  274 F. App'x 183 (3d Cir. 2008) ...........................................2

*Eu v. San Francisco Cnty. Dem. Cent. Comm.*,
  489 U.S. 214 (1989)................................................................3

*Hanoverian, Inc. v. Pa. Dep't of Envtl. Prot.*,
  2008 WL 906545 (M.D. Pa. Mar. 31, 2008) ............................2

*John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*,
  119 F.3d 1070 (3d Cir. 1997) ...............................................2

*Kallstrom v. City of Columbus*,
  136 F. 3d 1055 (6th Cir. 1998) ............................................13

*Moody v. NetChoice, LLC*,
    144 S.Ct. 2383 (2024)................................................................................3, 6, 7, 8

*NetChoice, LLC v. Reyes*,
    2024 WL 4135626 (D. Utah Sept. 10, 2024)....................................................4, 5

*Selective Ins. Co. of Am. v. Christeyns Laundry Tech., LLC*,
    2020 WL 6194015 (D.N.J. Oct. 22, 2020) ...........................................................2

*Sheehan v. Gregoire*,
    272 F. Supp. 2d 1135 (W.D. Wash. 2003) .........................................................11

*Smith v. Daily Mail Publishing*,
    443 U.S. 97 (1979)................................................................................................1

*In re Smith v. Dayton*,
    68 F. Supp. 2d 911 (S.D. Ohio 1991) .................................................................13

*U.S. v. Playboy Ent. Group*,
    529 U.S. 803 (2000)..............................................................................................4

*United States v. Rahimi*,
    144 S. Ct. 1889 (2024).......................................................................................6, 7

*United States v. Salerno*,
    481 U.S. 739 (1987)..............................................................................................7

*United States v. Stevens*,
    559 U.S. 460 (2010)..............................................................................................7

*Woodbury Daily Times Co., Inc. v. Monroe Twp.*,
    610 F. Supp. 916 (D.N.J. 1985).............................................................................3

**Statutes**

Daniel Anderl Judicial Security and Privacy Act. Pub. L. 117–263,
    div. E, title LIX § 5933(1), 136 Stat. 3458, 3459.........................................9, 10

Daniel's Law, N.J.S.A. 56:8-166.1 ...................................................................*passim*

Del. Code Ann. tit. 10, §§ 1921-1924 (2022).........................................................11

Md. Code Ann., Cts. & Jud. Proc. §§ 3-2301 to 3-2407 (2024).............................11

## I.    Introduction

The defendants signing this Supplemental Reply[1] have joined the Consolidated Reply in Support of the Motion to Dismiss in *Atlas Data Privacy Corporation, et al. v. Lightbox Parent, L.P., et al.*, No. 1:24-cv-4105. They submit this Supplemental Reply to elaborate on additional arguments that Daniel's Law[2] fails under the First Amendment (and New Jersey Free Speech Clause).

## II.    Plaintiffs and the NJ AG have failed to address the argument that Daniel's Law is an unconstitutional limitation on truthful speech.

In our Supplemental Brief (Dkt. No. 41, pp. 1-9), the signing defendants argued that Daniel's Law is an unconstitutional restriction on truthful speech under *Bowley v. City of Uniontown Police Dept.*, 404 F. 3d 783, 786 (3d Cir. 2005), *Smith v. Daily Mail Publishing*, 443 U.S. 97, 102 (1979), and the other related cases cited in the Supplemental Brief. Daniel's Law fails under the following three-part test: (1) whether the information was truthful and lawfully obtained, (2) whether the information concerned a matter of public significance, and (3) whether imposition of liability would be the most narrowly tailored way to serve the "state interest of the highest order." *Bowley*, 404 F.3d at 787.

---

[1] Pursuant to the Court's Order (Dkt. No. 47), individual reply briefs are limited to five pages. Because this brief constitutes the individual reply for 10 defendants, the brief is less than 13 pages — far less than the 50 pages available to them had they each filed an individual reply.

[2] Unless otherwise stated, all capitalized terms in this brief shall have the same meanings as set forth in the consolidated brief.

Plaintiffs and the NJ AG didn't address this argument in their briefing.[3]  Thus, they waived any opposition to the argument, it should be deemed conceded, and Daniel's Law should be found to violate the First Amendment on this basis.  *See, e.g.*, *Dreibelbis v. Scholton*, 274 F. App'x 183, 185 (3d Cir. 2008) (affirming district court's finding that plaintiff waived argument where he had opportunity to address it in his opposition brief but failed to do so); *Culley v. Cumberland Valley Sch. Dist.*, 2016 WL 775091, *4 (M.D. Pa. Feb. 29, 2016)  ("[B]ecause Plaintiffs' brief wholly fails to address this argument, they have in effect waived their opposition to Defendant's request for dismissal of their monetary damages claim."); *Hanoverian, Inc. v. Pa. Dep't of Envtl. Prot.*, 2008 WL 906545, *16 (M.D. Pa. Mar. 31, 2008) ("[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded."); *Selective Ins. Co. of Am. v. Christeyns Laundry Tech., LLC*, 2020 WL 6194015, *5 (D.N.J. Oct. 22, 2020) ("[Defendant] apparently conceded this argument by failing to address it in its Response to [Plaintiff's] Motion.").

---

[3] The NJ AG Brief makes passing reference to the public significance prong of this argument in a footnote, arguing that these issues cannot be resolved on a facial challenge.  *See* NJ AG Brief, n.6.  But the NJ AG cites no case law on this point and does not address the substance of the rest of the Supplemental Brief.  *See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived.").

**III.    Plaintiffs and the NJ AG have failed to show either a state interest of the highest order or a compelling interest as manifested in Daniel's Law.**

Given the inaccurate claim in the Response that "defendants concede that Daniel's Law protects against actual threats to safety" (Resp. p. 5), it is important to note, again, that the ***proponent*** of the statute bears the burden of establishing a "state interest of the highest order" under *Bowley*, 404 F.3d at 787, as set forth in the Supplemental Brief (p. 5).  And under the narrow tailoring and overbreadth doctrines, the proponent of the statute bears the burden of establishing a compelling interest.  *See Bruni v. City of Pittsburgh*, 824 F.3d 353, 363 (3d Cir. 2016); *Moody v. NetChoice, LLC*, 144 S.Ct. 2383, 2407 (2024).  Neither burden has been met here, and any argument that Defendants have conceded this point is inaccurate.

"For purposes of determining whether regulation of speech is constitutional, it is not enough for regulation to have legitimate purposes; regulation must 'serve' those purposes." *Woodbury Daily Times Co., Inc. v. Monroe Twp.*, 610 F. Supp. 916, 919 (D.N.J. 1985).  Thus, Plaintiffs and the NJ AG must show that restricting the speech at issue actually increases safety.  As the U.S. Supreme Court has noted, "[t]he normal method of deterring unlawful conduct is to punish the person engaging in it." *Bartnicki v. Vopper,* 532 U.S. 514, 529-30 (2001); *see also Eu v. San Francisco Cnty. Dem. Cent. Comm*., 489 U.S. 214, 233 (1989) (federal alcohol labeling statute was unconstitutional, finding the government's interest in public

safety could be better served by directly regulating alcohol itself). Indeed, "it would be quite remarkable to hold that speech by a law-abiding possessor of information can be suppressed in order to deter conduct by a non-law-abiding third party." *Bartnicki*, 532 U.S. at 529-30. But that is exactly what is occurring here: Daniel's Law seeks to prevent bad actors from using lawful speech to commit acts of violence or harassment against Covered Persons.

Just this week, the U.S. District Court for the District of Utah granted a preliminary injunction against a Utah law designed to limit youth access to social media after finding the statute likely to be facially unconstitutional. *See NetChoice, LLC v. Reyes*, 2024 WL 4135626 (D. Utah Sept. 10, 2024). The Court reasoned that a content-based restriction is "presumptively unconstitutional and may be justified only if the government proves that [it is] narrowly tailored to serve compelling state interests." *Id.* at 22 (quoting *Brown v. Ent. Merchants Ass'n*, 564 U.S. 786, 799 (2011) (quoting *U.S. v. Playboy Ent. Group*, 529 U.S. 803, 817 (2000))).

The *Reyes* court acknowledged that "the State has compelling interests in protecting minors from the mental health- and personal privacy-related harms associated with excessive social media use," but "these interests, like California's interests in protecting minors from the harms associated with violent videogames and aiding parental authority, fall short of the First Amendment's demanding standards." *Reyes* at 24.

4

Likewise here.  As the defendants in *Reyes* and *Brown* failed to present evidence of a clear, causal relationship between social media and negative mental health implications for children, *Reyes* at 24-26, or video games and violence, *Brown* at 800, Plaintiffs and the NJ AG have failed to present evidence (or even argue) that partial suppression of unlisted phone numbers and home addresses of Covered Persons will, in fact, enhance their safety.

The State cannot suppress speech merely because the speech *theoretically might* increase the chance of an unlawful act at some point in the future.  *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 253 (2002).  While the State can suppress unlawful speech, it cannot censor speech that does not or is not likely to incite "imminent lawless action."  *Id.* (citation omitted).  Despite bearing the burden, Plaintiffs and the NJ AG don't address — beyond implied conjecture — a direct causal connection between suppression of Defendants' speech (unlisted phone numbers and home addresses) and prevention of imminent lawless action.  Thus, Plaintiffs and the NJ AG fail to show the requisite interests under the First Amendment and New Jersey Free Speech Clause.

## IV.    Plaintiffs apply an improper standard for evaluating overbreadth.

In addition to failing to address the truthful speech argument and failing to demonstrate an "interest of the highest order" or a "compelling interest" as reflected in Daniel's Law, Plaintiffs and the NJ AG have used the wrong standard to address

First Amendment overbreadth arguments.

As set forth in the Section II.A of the Consolidated Reply, Defendants' Motion to Dismiss advanced a well-accepted form of facial First Amendment challenge focused on narrow tailoring, and allowing facial invalidation on that basis alone, without any need to assess overbreadth. *See, e.g., Bruni,* 824 F.3d at 362 ("The Court has often considered facial challenges simply by applying the relevant constitutional test to the challenged statute, without trying to dream up whether or not there exists some hypothetical situation in which application of the statute might be valid.").

The overbreadth argument is offered in the alternative, and under it, both the Response and the NJ AG Brief apply the incorrect standard under the First Amendment. The appropriate standard for evaluating a facial First Amendment overbreadth challenge is "whether a substantial number of [the law's] applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Moody*, 144 S.Ct. at 2397. But because both briefs get the standard wrong, neither the Response nor the NJ AG Brief argues that Daniel's Law meets this test.

From the very first sentence of their brief, Plaintiffs apply the wrong standard. Plaintiffs cite *United States v. Rahimi*, 144 S. Ct. 1889, 1898 (2024), to argue that "Plaintiffs need only show that Daniel's Law 'is constitutional in some of its applications.'" (Resp., p. 1). But *Rahimi* is irrelevant here. In *Rahimi*, the court

addressed a facial challenge based on the Second Amendment, not a facial First Amendment challenge. *Rahimi*, 144 S. Ct. at 1898. Likewise, the case cited in *Rahimi* for this standard did not involve a facial First Amendment challenge. *See United States v. Salerno*, 481 U.S. 739, 745 (1987); *see also United States v. Stevens*, 559 U.S. 460, 472–73 (2010) (declining to apply *Salerno* to First Amendment challenge because it is not a "speech case"). In First Amendment challenges, "the Supreme Court has softened [the usual] daunting standard" for facial challenges, finding speech-restrictive laws unconstitutional if they fail the overbreadth standard recited above. *Bruni*, 924 F.3d at 362. *Id*. Thus, the *Rahimi* case that forms the foundation for Plaintiffs' argument is irrelevant and should be disregarded.

For its part, the NJ AG steered clear of the inapposite *Rahimi* and *Salerno* cases and attempted to rely on *Moody* to establish a favorable standard for Daniel's Law. But the NJ AG Brief still gets the standard wrong, arguing at the outset that Defendants "must show that 'no set of circumstances exists under which the law would be valid,' or that it 'lacks a plainly legitimate sweep.'" NJ AG Brief, p. 2. This is not so. The portion of *Moody* cited by the NJ AG refers to decisions ***not*** applying the First Amendment standard. 144 S.Ct. at 2397. The NJ AG Brief then goes on to cite *Moody* in support of its assertion that Defendants' facial challenges "must meet an extremely high bar" (NJ Brief, p. 14), when *Moody* actually states that the Supreme Court has "has lowered that very high bar" for First Amendment

cases.  *Id.*  This "less demanding" standard is necessary to "provide[ ] breathing room for free expression."  *Id.*

Thus, if it analyzes the statute under the overbreadth doctrine, the Court should apply the standard set forth in *Moody*, which establishes that "even a law with 'a plainly legitimate sweep' may be struck down in its entirety . . . if the law's unconstitutional applications substantially outweigh its constitutional ones."  144 S.Ct. at 2397.

Under the overbreadth standard, Daniel's Law is unconstitutional under the First Amendment because "the law's unconstitutional applications substantially outweigh its constitutional ones."  144 S.Ct. at 2397.  As set forth in the Supplemental Brief, it is clear on the face of the statute that Daniel's Law covers many situations that have no impact on the purported interest in Covered Person safety, including (but not limited to) requests from anyone in the world who ***claims*** to be a Covered Person (with no verification method).  (Supplemental Brief, p. 7). Moreover, the definition of "disclosure" is so broad that it includes "making [information] available or viewable within a searchable list or database" even if ***no search is performed and/or no publication results***.  N.J.S.A. 56:8-166.1(d).  And "immediate family member" is defined broadly as anyone living with a "covered person" and related by blood or law.  *Id.*   These examples are illustrative, not exhaustive.

As argued in the Consolidated Reply, such a broad content-based ban is unconstitutional under any standard. And because the unconstitutional applications outweigh the constitutional ones, the Court should find that Daniel's Law fails to pass constitutional muster even under the overbreadth doctrine.

**V.    The statutes that Plaintiffs and the NJ AG claim are analogous to Daniel's Law actually demonstrate the steps the New Jersey Legislature could have taken to narrow the scope of the law.**

Both Plaintiffs and the NJ AG cite statutes in their briefs that they claim are comparable to Daniel's Law, arguing that the existence of those statutes justifies a finding that Daniel's Law is constitutional. But ironically, a close examination of these statutes shows that the New Jersey Legislature could have done much more to narrowly tailor Daniel's Law. First, although the Response stops short of saying that the passage of the federal Daniel Anderl Judicial Security and Privacy Act in 2022 ("Federal Statute") justifies the constitutionality of Daniel's Law, that is certainly the implication of Plaintiffs' brief. *See* Resp., pp. 4-5. But while the Federal Statute has constitutional issues of its own — no court has evaluated its constitutionality, as far as we're aware — it shows how the New Jersey Legislature could have tried to narrow the scope of Daniel's Law to comply with the First Amendment. The Federal Statute narrowly covers federal judges and their immediate families, whereas the New Jersey law covers a wider array of individuals. *Compare* Daniel Anderl Judicial Security and Privacy Act. Pub. L. 117–263, div. E, title LIX, subtitle D,

§ 5933(1), 136 Stat. 3458, 3459 *with* N.J.S.A. 56:8-166.1(d).  Moreover, the Federal Statute allows covered persons to seek injunctive and declaratory relief from non-government agency defendants, but damages are limited to the ***actual*** damages sustained by the at-risk individual or their family, as well as court costs and reasonable attorneys' fees, and only after an order granting injunctive or declaratory relief is violated.  *See* Daniel Anderl Judicial Security and Privacy Act § 5394(f)(1), (3)(B), 136 Stat. 3466 (emphasis added).  In contrast, under Daniel's Law, damages are mandatory, with liquidated damages of $1,000 for each violation and optional punitive damages, plus attorneys' fees and costs.  N.J.S.A. 56:8-166.1(b-c).  Finally, the Federal Statute specifically notes that the statute shall not be "construed to prohibit, restrain, or limit" investigation of or reporting on covered persons regarding a matter of public concern, Daniel Anderl Judicial Security and Privacy Act § 5397(a), 136 Stat. 3468, whereas Daniel's Law notes only that nothing in the law shall be construed "to impose liability on the news media for failure to remove information ***from previously printed newspapers***."  N.J.S.A.  56:8-166.1(b-c) (emphasis added).  Thus, far from justifying the constitutionality of Daniel's Law, the Federal Statute confirms that Daniel's Law went far beyond what was needed to protect judges.

As for the NJ AG Brief, its statutory analysis includes a list of statutes that it claims are analogous to Daniel's Law, but are clearly distinguishable.  In addition to

the Federal Statute, the NJ AG cites statutes in Maryland and Delaware that it claims are "like Daniel's Law." (NJ AG Brief, p. 10) (citing Md. Code Ann., Cts. & Jud. Proc. §§ 3-2301 to 3-2407 (2024); Del. Code Ann. tit. 10, §§ 1921-1924 (2022)). But the Maryland statute has no private right of action for damages, includes a knowledge requirement, requires that "publishing the personal information poses an imminent and serious threat to the protected individual," and requires the publication to actually result in assault, harassment, trespass, or destruction of property. Md. Code Ann., Cts. & Jud. Proc. §§ 3-2301 to 3-2407. And the Delaware statute applies *only* to judicial officers — it is notable that none of the Plaintiffs in this case (who are all law enforcement officers) would have claims under the Delaware statute. *See* Del. Code Ann. tit. 10, § 1923. Both the Maryland and Delaware laws show how the New Jersey Legislature could have narrowed the scope of Daniel's Law, but did not.[4]

## VI. The associational *amicus* brief filed in support of Daniel's Law offers no compelling arguments.

The *amicus curiae* brief (the "*Amicus* Brief") filed by The National

---

[4] The NJ AG's reference to states that "have gone further" (NJ AG Brief, p. 11) is even less availing. As acknowledged in the brief, the Florida law that made it a crime to disseminate a law enforcement officer's address or phone number "without authorization" was found unconstitutional in *Brayshaw v. City of Tallahassee*, 709 F. Supp. 2d 1244 (N.D. Fla. 2010). And the Washington statute that prohibited dissemination of personal information (without the employee's "express written permission" was found unconstitutional in *Sheehan v. Gregoire*, 272 F. Supp. 2d 1135 (W.D. Wash. 2003)).

Association of Assistant United States Attorneys, The New Jersey State Policemen's Benevolent Association, Inc., and The National Association of Police Organizations (collectively, "*amici*") offers no compelling arguments to justify the constitutionality of Daniel's Law. Rather than addressing the constitutionality of the law as drafted, *amici* present the Court with a compilation of articles highlighting the fact that members of the judicial system confront risks to their safety and deserve protection. The signatories to this Supplemental Reply do not dispute those points, but argue that Daniel's Law is a facially unconstitutional means of attempting to protect members of the judicial system. Because the *Amicus* Brief does not address the actual issue in dispute, it is unhelpful to the Court and should be disregarded.

The *Amicus* Brief is almost entirely devoted to explaining ***why*** Daniel's Law is important, without addressing the actual question of whether it is constitutional. The *Amicus* Brief is also flawed because it proceeds under the assumption that all defendants are "commercial data brokers," which they are not. The overbreadth of the statute covers many potential defendants that are not commercial data brokers, and *amici*'s incorrect presumption that the statute would cover only such brokers shows the flaw in the scope of Daniel's Law. In general, the *Amicus* Brief ignores all nuance in this litigation and in the application of Daniel's Law, oversimplifying the litigation and suggesting that the requirements of Daniel's Law should not be burdensome because the data brokerage industry is "enormous," "increasingly

sophisticated," "mature," and "mostly comprised of big players." (*Amicus* Brief, pp. 15-16). As discussed at length in various briefs filed with this Court, that distillation simply is inaccurate.

The only two cases discussed in the *Amicus* Brief likewise are irrelevant because they deal with efforts to enforce police officers' rights to privacy, not safety. *See In re Smith v. Dayton*, 68 F. Supp. 2d 911, 916 (S.D. Ohio 1991) (officer sued city for releasing his personnel file to a newspaper); *Kallstrom v. City of Columbus*, 136 F. 3d 1055, 1065 (6th Cir. 1998) (officers sued city for releasing personnel files to counsel for defendants).

## VII.  Conclusion

For the foregoing reasons, as well as all those set forth in the Consolidated Reply, Defendants request that these cases be dismissed, with prejudice.

Dated: September 13, 2024                     **VEDDER PRICE P.C.**

                                             /s/ *Blaine C. Kimrey*
                                             Blaine C. Kimrey (*pro hac vice*)
                                             bkimrey@vedderprice.com
                                             Bryan K. Clark (*pro hac vice*)
                                             bclark@vedderprice.com
                                             222 N. LaSalle Street
                                             Chicago, IL 60601
                                             T: +1 312 609 7500
                                             F: +1 312 407 5005

                                             Jean A. Occhiogrosso
                                             jocchiogrosso@vedderprice.com
                                             Vedder Price P.C.
                                             1633 Broadway, 31st Floor
                                             New York, New York 10019
                                             T: +1 212 407 7700
                                             F: +1 212 407 7799

                                             *Attorneys for defendants Whitepages,*
                                             *Inc. and Hiya, Inc.*

Dated: September 13, 2024                     **GORDON REES SCULLY**
                                             **MANSUKHANI LLP**

                                             /s/ *John T. Mills*
                                             John T. Mills
                                             jtmills@grsm.com
                                             1 Battery Park Plaza, 28th Floor
                                             New York, NY 10004
                                             T: +1 212-453-0778

                                             *Attorneys for defendants Claritas,*
                                             *LLC and Lusha Systems, Inc.*

14

Dated: September 13, 2024

**RIKER DANZIG LLP**

/s/ *Michael P. O'Mullan*
Michael P. O'Mullan (ID 029681996)
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962
Telephone: (973) 451-8477
Email: momullan@riker.com

*Attorneys for defendant*
*Melissa Data Corporation*

Dated: September 13, 2024

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

/s/ *John E. MacDonald*
John E. MacDonald, Esq. (Attorney ID 011511995)
3120 Princeton Pike, Suite 301
Lawrenceville, NJ 08648
Telephone: (609) 357-1183
Email: jmadconald@constangy.com

*Attorneys for defendants Restoration of America, Inc. and Voter Reference Foundation LLC*

Dated: September 13, 2024                    **THOMPSON HINE LLP**

*/s/ J. Timothy McDonald*
J. Timothy McDonald (ID No.
027201990)
Jennifer A. Adler (*pro hac vice*)
THOMPSON HINE LLP
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326
Phone: 404.541.2900
Tim.McDonald@thompsonhine.com
Jennifer.Adler@thompsonhine.com

Steven G. Stransky (*pro hac vice*)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Phone: 216.566.5500
Fax: 216.566.5800
Steve.Stransky@thompsonhine.com

*Attorneys for defendant Fortnoff Financial, LLC*

Dated: September 13, 2024                    **RKW, LLC**

/s/ *Stacey Torres*
H. Mark Stichel*
Stacey Torres (293522020)
10075 Red Run Blvd, Ste 401
Owings Mills, Maryland 21117
(443) 379-8941
storres@rkwlawgroup.com
* *Admitted pro hac vice*

*Attorneys for defendant eMerges.com Inc.*

16

Dated: September 13, 2024

**GORDON REES SCULLY MANSUKHANI LLP**

/s/ *Clair E. Wischusen*
Clair E. Wischusen (ID: 018022009)
Bianca C. Evans (*pro hac vice*)
18 Columbia Turnpike
Suite 220
Florham Park, NJ 07932
Telephone: (973) 549-2500
Email: cwischusen@grsm.com
bevans@grsm.com

*Attorneys for defendant Nuwber, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing was

served by electronic filing on September 13, 2024, to:

PEM Law LLC
Rajiv D. Parikh, Esq.
Kathleen Barnett Einhorn,
Esq.
1 Boland Drive, Suite 101
West Orange, NJ 07052
T: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@ pemlawfirm.com

Morgan & Morgan
John A. Yanchunis, Esq.
201 N. Franklin St., 7th Floor
Tampa, FL 33602
T: (813) 223-5505
jyanchunis@forthepeople.com

Boies Schiller Flexner LLP
Mark Mao, Esq.
44 Montgomery St., 41st Floor
San Francisco, CA 94104
T: (415) 293-6800
mmao@bsfllp.com

/s/ Jean A. Occhiogrosso